IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON I.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 1:22-cv-00831-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff Jason I. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) finding unpersuasive the opinions of Dr. Joyce Hollander-Rodriguez; (2) discounting Plaintiff's subjective symptom testimony; and (3) discounting lay witness testimony. Pl.'s Br. 5–21, ECF No. 11. For the reasons outlined below, the Commissioner's decision is REVERSED and this matter is REMANDED for immediate payment of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff applied for DIB on December 14, 2018, alleging disability since October 23, 2018. Tr. 117. The claim was denied initially and upon reconsideration. Tr. 127, 142. Plaintiff requested a hearing before an ALJ and appeared before the Honorable Debra Boudreau on June 3, 2021. Tr. 34–70. In a written decision dated June 11, 2021, ALJ Boudreau determined that Plaintiff was not disabled under the Social Security Act. Tr. 15–27. Plaintiff sought review from the Appeals Council; the Appeals Council declined. Tr. 1.

Plaintiff is currently 49 years old. Tr. 117. He has a high school diploma and has completed some college-level work. Tr. 83. Prior to 2009, Plaintiff worked as a diesel and heavy equipment mechanic. Tr. 84. After Plaintiff suffered a right ankle fracture that cause permanent damage in 2009, he was unable to work. Tr. 75–76. The Commissioner previously found Plaintiff disabled for a closed period from January 4, 2009 until January 1, 2013. *See* tr. 109–16.

Plaintiff was able to return to work at SGA levels in 2013. Tr. 109. Plaintiff worked at Walmart as a Stock Clerk-Retail. Tr. 63. Plaintiff also worked at Klamath Basin Behavioral Health and at Mentor Oregon, as a Mental retardation Aide, a Psychiatric Attendant, a Nurse Aide, and a Certified Medication Technician. Tr. 39, 62–63. Notably, Plaintiff's work at Klamath Basin Behavioral Health and at Mentor Oregon was highly accommodated. Plaintiff testified that he could take extra breaks when needed. Tr. 55–56. A Work Activity Questionnaire from Klamath Basin Behavioral Health stated that Plaintiff was given fewer and easier duties, as well as additional break periods. Tr. 375. They estimated his productivity to be 60% of other employees. *Id.* Further, they noted that Plaintiff's work was not satisfactory when compared to another employee in a similar position. Tr. 376. Plaintiff left this position when they could not

accommodate his need for extra breaks when he was the only person working. *Id*. Plaintiff has not worked since October 23, 2018, his alleged onset date. Tr. 17.

Plaintiff alleges disability due to dyslexia, diabetes, severe hernias, hyperthyroidism, and post-traumatic osteoarthritic right ankle. Tr. 118.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

//

//

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

### I.      Dr. Hollander-Rodriguez's Opinions

Plaintiff argues that the ALJ erred by finding unpersuasive the medical opinions of Dr. Joyce Hollander-Rodriguez, Plaintiff's long-standing treating provider. Pl.'s Br. 15–19. The Ninth Circuit has clarified that under the new regulations, "the former hierarchy of medical opinions – in which we assign presumptive weight based on the extent of the doctor's relationship – no longer applies." *Woods*, 32 F.4th at 787. Now, an ALJ's "decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* "The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are *supportability* and *consistency*." *Id.* at 791 (emphasis added) (internal quotations omitted); 20 C.F.R. § 404.1520c(a). However, the Ninth Circuit clarified that "the extent of the claimant's relationship with the medical provider – what we will refer to as "relationship factors"– remains relevant under the new regulations." *Id.* at 790.

Dr. Hollander-Rodriguez, who has seen Plaintiff every six to twelve weeks since 2006, submitted three statements regarding Plaintiff's limitations. Tr. 536; *see* tr. 536–41, 631, 639–40. In 2017, Dr. Hollander-Rodriguez noted that Plaintiff has experienced continuing complications of pain and post-traumatic osteoarthritis since his right ankle fracture in 2009. Tr. 631. X-rays from 2010 and 2013 showed evidence of early degenerative changes. *Id*. Dr. Hollander-Rodrigues opined that Plaintiff could stand or walk for fifteen minutes at a time. *Id*. She further opined that while Plaintiff had no limitations on sitting, he would need to elevate his right leg for 15-20 minutes every one to two hours due to pain. *Id*. Dr. Hollander-Rodriguez also noted that Plaintiff uses a cane for ambulation, limiting his ability to carry objects. *Id*.

In 2019, Dr. Hollander-Rodriguez opined that Plaintiff could walk less than one city block, could sit for thirty minutes at a time, and could stand or walk for ten minutes at a time. Tr. 538. She opined that Plaintiff could sit for one hour total during an eight-hour workday and could stand or walk for zero hours. *Id*. Dr. Hollander-Rodriguez noted that any job would need to allow for shifting positions at will from sitting and standing or walking. *Id*. Plaintiff would also need to elevate his leg. Tr. 539. Dr. Hollander-Rodriguez further opined that Plaintiff would need fifteen-minute unscheduled breaks every hour due to pain, discomfort, and fatigue. *Id*. She estimated that Plaintiff would likely be off task for 25% of the workday and would need to miss more than four days a month due to his chronic pain, abdominal pain, difficulty ambulating, and difficulty concentrating. Tr. 540. Dr. Hollander-Rodriguez supported her opinion by referencing Plaintiff's diagnoses of uncontrolled diabetes, morbid obesity, hypertension, post-traumatic osteoarthritis of ankle, obstructive sleep apnea, diverticulitis with colon resection, and ventral hernia, all of which are chronic. Tr. 536. Plaintiff's symptoms include fatigue, chronic pain,

5 – OPINION AND ORDER

difficulty ambulating or staying in one position, difficulty concentrating, and abdominal discomfort. Tr. 537. For clinical signs, Dr. Hollander-Rodriguez pointed to Plaintiff's elevated A1C, his BMI of 48, x-rays showing degenerative changes in his right ankle, and a sleep study that showed sleep apnea. *Id*.

Dr. Hollander-Rodriguez updated this opinion in 2021. Tr. 639. She noted that Plaintiff's use of a cane was medically necessary, due to his post-traumatic osteoarthritis and morbid obesity, but that he did not need to use it all the time. *Id*. Dr. Hollander-Rodriguez clarified that the limitations in standing and walking in her 2019 opinion were for without a cane. *Id*. However, Plaintiff's mobility is still limited by his leg pain and endurance. Tr. 640. Dr. Hollander-Rodriguez opined that Plaintiff would be unable to walk or stand longer, even with a cane, due to this pain and limited endurance. *Id*.

The ALJ acknowledged that Dr. Hollander-Rodriguez's opinions were well-supported by reference to her treatment of Plaintiff, as well as his diagnoses and symptoms. Tr. 23–24. However, the ALJ still found these opinions unpersuasive, finding them inconsistent with Plaintiff's "unremarkable physical exams overall." Tr. 24. Here, the ALJ relies heavily on a single diabetic foot exam, claiming that it was inconsistent with "Dr. Hollander-Rodriguez's highly restrictive sitting, standing, and walking limitations." *Id*.; *see* tr. 398. The ALJ's finding here ignores Dr. Hollander-Rodriguez's reasoning as well as the entire body of medical evidence.

Dr. Hollander-Rodriguez's mobility limitations are based on Plaintiff's chronic pain – both from his osteoarthritic ankle and his lower back – and on his morbid obesity, which would not necessarily be evident on examination of his feet for diabetes complications. Plaintiff has

consistently complained of chronic pain in his ankle and his back and of his difficulty ambulating due to his right ankle. *See, e.g.*, tr. 290, 334, 336, 407, 408, 411, 410, 547, 548. As Dr. Hollander-Rodriguez noted, x-rays from 2010 and 2013 showed degenerative changes in his ankle. Tr. 631. Additionally, a 2019 MRI of Plaintiff's lumbar spine showed multilevel degenerative disc and facet disease. Tr. 549. The ALJ's finding here is not supported by substantial evidence.

## II.     Plaintiff's Subjective Symptom Testimony

Plaintiff argues that the ALJ improperly discredited his testimony regarding the nature and intensity of his limitations. Pl.'s Br. 6–15. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ determines, "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations omitted). If the first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ next determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 C.F.R. § 404.1529(c)(1). "The ALJ can reject the claimant's testimony about the severity of [their] symptoms *only* by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1015 (emphasis added).

Plaintiff testified that the primary reason he is unable to work is his ankle, which has limited movement and causes him to be unstable. Tr. 53. Plaintiff stated on his function report that he can only stand or walk for ten minutes before needing rest. Tr. 336, 340. Plaintiff stated

7 – OPINION AND ORDER

that he has constant pain in his right ankle and his lower back. Tr. 334. Any movement increases the pain. *Id*. At a July 2019 medical appointment, Plaintiff reported that his back lumbar pain had worsened over the past twelve months and that he had developed weakness in his legs six months prior. Tr. 547. Plaintiff had previously taken prescription pain medication for his back and ankle so that he could work. Tr. 420. However, in 2018, his doctor stopped prescribing the medication due to the uncontrolled nature of his diabetes. Tr. 408. Without pain medication, Plaintiff's mobility became even more limited; he could no longer go on walks with his wife, or even walk with her while shopping. *Id*.

Plaintiff also testified that his dyslexia would make it difficult for him to do "deskwork."[2] Tr. 54. Plaintiff stated that he has difficulty with paperwork, reading, and learning new tasks. Tr. 290. Plaintiff's wife handles all their finances because he makes too many mistakes; she also assists him in managing his diabetes and calculating the appropriate insulin dosage. Tr. 294. While Plaintiff was responsible for completing paperwork at his previous jobs, his supervisors always reviewed the paperwork. Tr. 297. Plaintiff received coaching and was frequently disciplined for the quality of the reports. Tr. 297.

The ALJ appears to give three reasons for discounting Plaintiff's subjective symptom testimony: (1) unremarkable overall physical exams; (2) conservative treatment; and (3) inconsistency with Plaintiff's activities of daily living. Tr. 22.

Again, the ALJ relied heavily on a single diabetic foot exam to discount Plaintiff's long-standing complaints of chronic pain and difficulty ambulating. *Id*. As the Court noted above,

---

[2] The ALJ appears to discount Plaintiff's diagnosed learning disabilities because Plaintiff attended a single year of college. *See* tr. 22. Not only does this reasoning ignore the fact that many people with learning disabilities successfully complete college and beyond, it ignores Plaintiff's actual experience in college. Plaintiff completed all the shop classes in diesel mechanics, including the advanced ones, but did not complete the math and English classes required to receive his degree. Tr. 43.

8 – OPINION AND ORDER

objective medical evidence in the form of x-rays and MRIs support Plaintiff's complaints. The ALJ's finding here is not supported by substantial evidence.

The ALJ also found Plaintiff's treatment inconsistent with his alleged degree of limitation. Tr. 22. The ALJ cited specifically to the fact that Plaintiff's cane was not mentioned during any office visits.[3] *Id*. As the ALJ noted, Dr. Hollander-Rodriguez opined that Plaintiff's cane was medically necessary, but also that he did not always need it for standing and walking. Tr. 639. Indeed, Plaintiff testified that he does sometimes walk without the cane. Tr. 59. It is not clear to the Court how occasional cane usage discredits Plaintiff's reports of chronic pain and difficulty ambulating. The ALJ also cited to the treatment of Plaintiff's hernia, noting that Plaintiff used an abdominal binder but did not otherwise treat it. Tr. 22. Here, the ALJ failed to identify any inconsistency, but the Court does note Plaintiff's testimony that after changing his eating habits so that he does not aggravate his hernia, Plaintiff has lost a considerable amount of weight and he "feels better all the way around." Tr. 51. Similarly, the ALJ cited Plaintiff's failure to engage in diabetes management, including declining a referral to a wellness center, but in that same paragraph the ALJ acknowledged that Plaintiff's significant weight loss resulted in improvement in his A1C and overall diabetes management. Tr. 22. Any finding of "conservative treatment" is not supported by substantial evidence.

Finally, the ALJ found Plaintiff's activities of daily living inconsistent with his alleged degree of limitation. Tr. 22. For this, the ALJ cited to one instance in the medical records where Plaintiff reported increased back pain when he tried to help with yardwork and to another instance where Plaintiff reported that he had spent time caring for his aunt and therefore had not

---

[3] Contrary to this assertion, Plaintiff was walking with a cane in at least one medical appointment. *See* tr. 408.

cared for himself. *Id.*; *see* tr. 560, 645. The ALJ does not explain how these two attempts at contributing to his family – after which Plaintiff suffered consequences to his own physical health – undermine Plaintiff's testimony. The ALJ's finding here is also not supported by substantial evidence.

### III. Lay Witness Testimony

Plaintiff argues that the ALJ failed to give germane reasons for rejecting the lay witness statement of Plaintiff's mother and the Work Activity Questionnaire submitted by Plaintiff's former employer. Pl.'s Br. 19–21. Generally, "[l]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis*, 236 F.3d at 511 (citation omitted); *see also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000) ("[A]n ALJ . . . must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay testimony must be germane and specific. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An ALJ's failure to articulate such a germane reason is nonetheless harmless if the "testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *Molina*, 674 F.3d at 1117.

Plaintiff's mother submitted a statement in 2020. Tr. 365. She noted that Plaintiff has always struggled with learning disabilities and received special education while in school. *Id.* She stated that Plaintiff uses a cane, but only when his ankle is hurting badly. She also stated that surgeries have weakened Plaintiff's stomach muscles so he cannot lift heavy things. *Id.*

The ALJ found this statement unpersuasive. Tr. 24. While acknowledging that it was supported by observations of Plaintiff, the ALJ found it inconsistent with the record, namely the "unremarkable" physical exams. *Id*. Again, the Court finds no inconsistency between an unremarkable diabetic foot exam and Plaintiff's limited mobility. The ALJ also criticized the statement as "vague" because it "does not provide a function-by-function analysis of the most [Plaintiff] can do." *Id*. The ALJ appears to expect the same standards from lay witness statements as from medical opinions. Plaintiff's mother is a not a medical provider and this expectation is unreasonable. The ALJ failed to provide germane reasons for rejecting Plaintiff's mother's statement and her finding here is not supported by substantial evidence.

Plaintiff's former employer, Klamath basin Behavioral Health, submitted a Work Activity Questionnaire, stating that Plaintiff was given fewer duties and extra breaks. Tr. 374–76. The ALJ did not address this statement. The Commissioner also did not address it in their briefing, effectively waiving any argument. *See, e.g.*, *Megan S. v. Berryhill*, 2019 WL 1919169, at \*5 (D. Or. Apr. 30, 2019). The Court finds this Questionnaire to be relevant evidence that further supports Plaintiff's need to extra breaks in a workday, or other accommodations.

### IV.     Benefits or Further Proceedings

Because the ALJ erred, the question is whether to remand for further administrative proceedings or an award of benefits. Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012), quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, an award of benefits can be directed "where the record has been fully developed and where further

11 – OPINION AND ORDER

administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

This is a rare instance where remand for an award of benefits is appropriate. Here, Plaintiff satisfies all three requirements. The record is fully developed and there are no ambiguities that further administrative proceedings need resolve. As explained above, the ALJ committed harmful error in discounting Dr. Hollander-Rodriguez's opinions and Plaintiff's subjective symptom testimony. Credited as true, these opinions combined with the vocational expert's testimony establish that Plaintiff is disabled under the Act. The vocational expert testified that, in her experience, a worker who requires extra breaks every hour would be unable to maintain competitive employment. Tr. 68. Moreover, consideration of the record as a whole convinces the Court that Plaintiff is disabled. The Court sees no purpose for further proceedings.

//
//
//
//
//
//

12 – OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Commissioner's final decision is REVERSED and this case is remanded for award of benefits.

IT IS SO ORDERED.

DATED this 22nd day of August, 2023.

<p style="text-align: right;">s/ Michael J. McShane<br>
Michael J. McShane<br>
United States District Judge</p>

13 – OPINION AND ORDER